UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CALVIN LESLIE, | Case No.: 3:25-cv-00523-MMD-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 1 |
| JAMES W. WILSON, et al., | |
| Defendants | |

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and a pro se complaint (ECF No. 1-1).

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's IFP application is not complete. Missing from the application is a signed financial acknowledgment, which is page 4 of the form Plaintiff used for his application and page 3 of the form provided to inmates who are housed at Lovelock Correctional Center. Accordingly, Plaintiff's IFP application will be denied without prejudice to the refiling of a complete IFP application.

## CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **DENIED WITHOUT PREJUDICE.**

(2) The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate housed at Lovelock Correctional Center. Plaintiff has 30 days from the date of this Order to either file a completed IFP application or pay the full $405.00 filing fee. The application must include all required pages of the form, *i.e.*, pages 1-3, including the financial acknowledgment on page 3, signed by Plaintiff.

(3) Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

(4) If Plaintiff fails to timely file a completed IFP application or pay the filing fee, the court will recommend dismissal of this action without prejudice.

(5) The Clerk shall **RESEND** Plaintiff a copy of all docket entries that have been returned as undeliverable in this case (ECF Nos. 1, 2, 3, 5).[1]

**IT IS SO ORDERED**.

Dated: October 17, 2025

_____
Craig S. Denney
United States Magistrate Judge

---

[1] Plaintiff's address of record is at Lovelock Correctional Center, which is where the NDOC Inmate Locator indicates Plaintiff is currently housed. The undeliverable mail appears to have been returned at a time Plaintiff was not at LCC.